IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,239-01 & -02






EX PARTE JEWEL DEJESUS RODRIGUEZ, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 2011-730-C1 & 2011-1461-C1 IN THE 19TH DISTRICT COURT


FROM MCLENNAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count
of attempted indecency with a child and two counts of aggravated sexual assault of a child. He was 
sentenced to imprisonment for one term of ten years and two terms of forty years. He did not appeal
his convictions.

 Applicant contends, among other things, that trial counsel coerced and threatened him.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant's claims in his first ground for relief. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, there is a reasonable probability
that, but for counsel's deficient performance, Applicant would not have pleaded guilty and would
have insisted on a trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 12, 2012 

Do not publish